# EXHIBIT A

CC44348

**Commonwealth of Massachusetts**

RECEIVED
CITY CLERK'S OFFICE
2020 DEC 30 P 2: 52
BOSTON, MA

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 20-2675C

Lincoln Smith, PLAINTIFF(S),

v.

City of Boston, DEFENDANT(S)

FORWARDED BY THE
CITY CLERK TO THE
DEC 30 2020
LAW DEPARTMENT

**SUMMONS**

THIS SUMMONS IS DIRECTED TO City of Boston (Defendant's name)

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Suffolk Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. How to Respond. To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your **signed original** response with the Clerk's Office for Civil Business, Suffolk Superior Court, _____ (address), by mail or in person, **AND**
   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: Dhar Law LLP One Constitution Wharf Charlestown, MA. 02129

3. What to include in your response. An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____.

*Michael Joseph Donovan* (signature)

Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____
_____
_____

Dated: _____, 20___   Signature: _____

N.B.   TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

```
┌─────────────────────────────┐
│                             │
│                             │
└─────────────────────────────┘
```

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT DIVISION
OF THE TRIAL COURT
CIVIL ACTION No. 20-2675C

LINCOLN SMITH
    Plaintiff,

v.

CITY OF BOSTON,
BOSTON POLICE DEPARTMENT,
COMMISSIONER WILLIAM G. GROSS,
DETECTIVE MATTHEW BECKER,
POLICE OFFICER DANA LAMB, and
JUNE FREEL,
    Defendants.

## PLAINTIFF'S COMPLAINT

### INTRODUCTION

1. This is a civil rights action for monetary damages brought by the Plaintiff, Lincoln Smith. On February 27, 2018, Mr. Smith was wrongfully arrested by officers of the Boston Police Department with no evidence that he had committed a crime, was committing a crime or was about to commit a crime. As a result of the unlawful arrest and detention of Mr. Smith, he was subsequently charged with the offense of assault and battery pursuant to Mass. Gen. Laws ch. 265, § 13A(a).

2. Mr. Smith was brought before the Boston Municipal Court West Roxbury Division and arraigned on this charge pursuant to an application for criminal complaint by the Boston Police on February 28, 2018.

3. In July 2018, Mr. Smith suffered a debilitating stroke that prolonged the resolution of the false charge against him.

4. Mr. Smith was ultimately found Not Guilty of the assault and battery offense at a jury trial on September 4, 2019.

5. At the time of his unlawful arrest, Mr. Smith as employed as the Assistant Director of Research for the Boston City Council.

6. The Plaintiff, Lincoln Smith, suffered severe mental anguish and emotional distress as a result of his unwarranted and wrongful arrest.

## JURISDICTION AND VENUE

7. This action arises, in part, under the Massachusetts Tort Claims Act, Mass. Gen. Laws ch. 258; the Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12, § 11I; Massachusetts Common Law; the Fourth and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. § 1983. Jurisdiction and venue in the Superior Court of Suffolk County are proper pursuant to Mass. Gen. Laws ch. 258, § 3.

## PARTIES

8. Plaintiff Lincoln Smith is a United States Citizen and a resident of the Commonwealth of Massachusetts. Plaintiff was, at all times relevant to the causes set forth in this Complaint, a resident of the City of Boston.

9. Defendant City of Boston was, at all times relevant to the causes set forth in this Complaint, the public employer of the following public officials and/or public employees of the Boston Police Department: Commissioner William G. Gross, Detective Matthew Becker, and Police Officer Dana Lamb. Defendant City of Boston is liable for the negligent acts and omissions of its public employees pursuant to the provisions of Mass. Gen. Laws ch. 258.

10. Defendant William G. Gross, at all times relevant to this action, was the Commissioner of the Boston Police Department and, as such, is responsible for the policies and procedures of the Boston Police Department as well as the training and supervision of all personnel employed by the Boston Police Department. He is sued in his individual and official capacities.

11. Defendant Dana Lamb, at all times relevant to this action, was a police officer in the employ of the Boston Police Department and acting in his/her official capacity as a police officer on behalf of the City of Boston. He/she is sued in his/her individual and official capacities.

12. Defendant Detective Matthew Becker, at all times relevant to this action, was a police officer in the employ of the Boston Police Department and acting in his official capacity as a police officer on behalf of the City of Boston. He is sued in his individual and official capacities.

13. Defendant June Freel is a United States Citizen and a resident of the Commonwealth of Massachusetts. Defendant Freel was, at all times relevant to the causes set forth in this Complaint, a resident of the Town of Marshfield.

### FACTS COMMON TO ALL COUNTS

14. Plaintiff Lincoln Smith is the son of June Murphy.

15. Mr. Smith was the Health Care Proxy for his now deceased mother.

16. On February 27, 2018, Mr. Smith was visiting his mother at the Hebrew Rehabilitation Center, 1200 Centre Street, Roslindale, MA.

17. During this visit, Mr. Smith's sister, retired Newton Police Officer June Freel, arrived at the facility and engaged Mr. Smith in a heated and confrontational manner expressing her wishes relative to the continued health care arrangements for their mother.

18. During the confrontation, June Freel spat in Mr. Smith's face. Mr. Smith reacted by pushing her away from him. Ms. Freel then began striking Mr. Smith on the side of his head.

19. The violent incident was captured on video surveillance maintained by the Hebrew Rehabilitation Center.

20. Security officers of the facility arrived and prevented any further interaction between Mr. Smith and Ms. Freel.

21. At some point Ms. Freel contacted the Boston Police and reported that she had been assaulted. Officer Dana Lamb and Detective Matthew Becker arrived at the Hebrew Rehabilitation Center and interviewed Ms. Freel and then placed Mr. Smith under arrest.

22. Officer Lamb and Detective Becker were informed of the existence of the security footage that clearly depicts both Mr. Smith and Ms. Freel. Ms. Freel is seen initiating the confrontation by spitting in Mr. Smith's face. Mr. Smith then simply reacted to this battery by pushing his assailant away from him in an effort to prevent any further attack upon his person.

23. Officer Lamb and Detective Becker, in spite of being informed of the footage of the attack by Ms. Freel on scene, made a deliberate decision not to review the video and determined, based solely on Ms. Freel's account, that Mr. Smith was the "dominant aggressor." Mr. Smith was then placed under arrest, handcuffed and transported to Boston Police Area E-5 where he was booked and processed.

24. Defendant Becker testified at Plaintiff's trial in the Boston Municipal Court on April 11, 2019 that he made the determination that Mr. Smith was the "dominant aggressor" based solely on the report made by June Freel.

25. Defendant Becker further testified at trial that he was made aware at the scene that there was video surveillance of the altercation but made the decision not to review the surveillance that was readily available to him.

26. Plaintiff Lincoln Smith explained to the Defendant officers at the scene that he had been the victim of an assault and battery by his sister June Freel because she spat in his face and then struck him multiple times on the side of his head.

27. Mr. Smith repeatedly told the arresting officers, Defendants Becker and Lamb, that he was not the aggressor in this altercation.

28. Boston Police Rules and Procedures Rule 327, Section 5(H) requires responding patrol officers in instances where parties involved in a domestic altercation provide conflicting accounts of the incident to summon a patrol supervisor to assist in the determination as to whom the dominant aggressor may be.

29. Defendants Becker and Lamb failed to follow Rule 327, Section 5(H) in spite of the conflicting accounts of the incident and the immediate availability of video surveillance to assist in this determination.

## COUNT ONE
### VIOLATION OF 42 U.S.C. § 1983 AGAINST
### DEFENDANTS COMMISSIONER WILLIAM G. GROSS, POLICE OFFICER DANA LAMB AND DETECTIVE MATTHEW BECKER

30. Plaintiff realleges and incorporates by reference the information contained in paragraphs one through twenty-nine.

31. By engaging in the conduct described above the Defendants deprived the Plaintiff of clearly defined and well-settled constitutional rights while acting under color of law. Specifically, the Defendants Gross, Lamb and Becker denied the Plaintiff the rights guaranteed him by the United States Constitution, specifically but not limited to, under his Fourth Amendment right to be free from unlawful restraint of his person and his Fourth and Fourteenth Amendment rights to due process of law.

32. Additionally, the wrongful actions were undertaken with gross and reckless disregard of the Plaintiff's constitutional rights and include the following without limitation:

    a. Defendants failed to exercise ordinary and appropriate care in conducting this investigation,

    b. Defendants failed to conduct a proper and thorough investigation, which was initiated by hearsay, that could have immediately been refuted by the video surveillance of the incident.

    c. Defendants' arrest of Lincoln Smith resulting in his unwarranted detainment was undertaken without probable cause to arrest or detain.

33. The Defendants failed to acknowledge and give appropriate consideration to contemporaneous exculpatory evidence provided to them by both Lincoln Smith and security personnel of the Hebrew Rehabilitation Hospital.

34. All Defendants engaged in a conspiracy to deprive the Plaintiff of his rights, privileges and immunities as guaranteed by the Constitution of the United States in violation of the provisions of 42 U.S.C. § 1983.

35. As a result of the Defendants' actions, the Plaintiff suffered loss of freedom, loss of enjoyment of life, extreme emotional distress and was otherwise damaged.

36. The above constitutes violations of 42 U.S.C. § 1983.

## COUNT TWO
### VIOLATION OF 42 U.S.C. § 1983 AGAINST THE CITY OF BOSTON AND ITS BOSTON POLICE DEPARTMENT

37. Plaintiff realleges and incorporates by reference the information contained in paragraphs one through thirty-six.

38. By condoning the actions described above, defendant City of Boston through its Police Department has demonstrated a custom, policy and practice of deliberate indifference to the rights of citizens by:

    a.  tolerating a custom, policy and practice in which officers violate the constitutional rights of citizens through unlawful seizures, detentions and arrests with no probable cause.

    b.  failing to adequately supervise officers who make unlawful seizures, detentions and arrests with no probable cause, and

    c.  failing to adequately train police officers on proper arrest procedures.

39. As a result of Defendant City of Boston's actions, through its Police Department, the Plaintiff suffered loss of freedom, loss of enjoyment of life, extreme emotional distress and was otherwise damaged.

40. The above constitutes violations of 42 U.S.C. § 1983.

## COUNT THREE
### VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT MASS. GEN. LAWS CH. 12, § 11(I) AND ARTICLE XXVI OF THE MASSACHUSETTS DECLARATION OF RIGHTS OF THE MASSACHUSETTS CONSTITUTION
### AGAINST ALL DEFENDANTS

41. Plaintiff realleges and incorporates by reference the information contained in paragraphs one through forty.

42. Defendants violated Plaintiff's civil rights under the Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12, § 11(I), by threats, intimidation, and coercion.

43. As a direct and proximate result of Defendants' actions, Plaintiff suffered the damages described herein.

## COUNT FOUR
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS DANA LAMB AND MATTHEW BECKER, INDIVIDUALLY

44. Plaintiff realleges and incorporates by reference the information contained in paragraphs one through forty-three.

45. As a direct and proximate result of the Defendants Lamb and Becker's actions, the Plaintiff has been traumatized, stigmatized and humiliated.

46. As a direct and proximate result of the Defendants' actions, Lincoln Smith is experiencing anxiety and depression as he continues to deal with the extensive fallout and trauma caused by the negligent actions of the Defendants. His emotional distress is exhibited by depression, humiliation, and the excessive emotional burden this placed upon him as he underwent extensive rehabilitation from a stroke he suffered in July 2018 in the wake of the egregious actions by the Defendants.

47. The Defendants knew or should have known that their negligent actions in handling the detention, interrogation and false arrest of Mr. Smith would result in emotional distress.

## COUNT FIVE
## ASSAULT AND BATTERY AGAINST DEFENDANT JUNE FREEL

48. Plaintiff realleges and incorporates by reference the information contained in paragraphs one through forty-seven.

49. The Defendant June Freel did, on February 27, 2018, spit in the Plaintiff Lincoln Smith's face and strike him repeatedly on the side of his head without justification in violation of the laws of the Commonwealth of Massachusetts.

## RELIEF REQUESTED

1. Plaintiff properly performed the conditions precedent to filing the instant action under Mass. Gen. Laws ch. 258.

2. The Defendants' responded and denied any and all liability.

WHEREFORE, plaintiff requests that this Court:

(1)   Award compensatory damages;

(2)   Award punitive damages;

(3)   Award the cost of this action including reasonable attorney's fees; and

(4)   Award such other further relief as this court deems appropriate and necessary.

## JURY DEMAND

A trial by jury is hereby demanded.

Respectfully submitted,
For the Plaintiff,
By his attorneys,

Robert M. Griffin, BBO No. 553893
rgriffin@dharlawllp.com
Vikas S. Dhar, BBO No. 657539
vikas@dharlawllp.com



One Constitution Wharf, Suite 320
One Constitution Road
Charlestown, MA 02129
Tel: 617.880.6155
Fax: 617. 880.6160

Dated: November ____, 2020

10

<u>BY CERTIFIED MAIL – RETURN RECEIPT REQUESTED</u>

Hon. Martin Walsh
Mayor, City of Boston
One City Hall Square, Suite 500
Boston, MA 02201

Eugene L. O'Flaherty, Esq.
Corporation Counsel, City of Boston
One City Hall Square, Room 615
Boston, MA 02201

Maura Healey, Esq.
Attorney General, Commonwealth of Massachusetts
One Ashburton Place
Boston, MA 02108

Boston Police Commissioner William Gross
Boston Police Headquarters
One Schroeder Plaza
Boston, MA 02120

RE:   Unlawful Arrest and Malicious Prosecution of Mr. Lincoln Smith, July 2016

Dear Mayor Walsh, Mr. O'Flaherty, et.al:

This firm has been retained to represent Mr. Lincoln Smith. This letter is a demand for relief, pursuant to MGL c. 258 § 4.

Pursuant to the Massachusetts Tort Claims Act, no civil action may be instituted against a public employer (here, the City of Boston, Massachusetts, the Boston Police Department, its agents and employees) for any injury caused by the negligence or wrongful conduct of an employee "unless the claimant shall have first presented his claim in writing to the executive officer of such employer within two (2) years after the date upon which the cause of action arose." G.L. c. 258, Section 4. Failure to make proper presentment bars a claim against a public employer for the negligence or wrongful conduct of its employees. See <u>Richardson v. Dailey</u>, 424 Mass. 258, 259 (1997).

11

Please consider this letter a formal written Notice of Claim, pursuant to M.G.L. Chapter 258 § 4, for the serious personal injuries resulting to our clients which arose from an incident that occurred on or about February 27, 2018.

At this time we are placing you on notice of our intent to file suit due to the intentional and negligent infliction of emotional distress, gross abuse of official authority, failure to adequately train and failure to supervise agents and employees of the Boston Police Department, unlawful arrest of Lincoln Smith and violations of Lincoln Smith's civil rights. These claims as outlined below are pursuant to state and federal civil rights claims and Mass Torts Claims Act along with other wrongful acts and omissions of the City of Boston and its employees which resulted in the injuries sustained by our clients.

Information gathered to date by this Firm reveals that the City of Boston, by certain of its officers, agents, servants, and employees engaged in a deliberate and unlawful arrest and malicious prosecution of Mr. Lincoln Smith.

I.    Background of This Tragic Event

Mr. Lincoln Smith is the son of June Murphy. Mr. Smith was the Health Care Proxy for his now deceased mother June Murphy. On February 27, 2018 Mr. Smith was visiting his mother at the Hebrew Rehabilitation Center, 1200 Centre St, Roslindale, MA 02131. During this visit Mr. Smith's sister, retired Newton Police Officer June Freel arrived at the facility and engaged Mr. Smith in a heated and confrontational manner expressing her wishes relative to the continued health care arrangements for their mother. During this confrontation initiated by June Freel she spat in Mr. Smith's face. Mr. Smith reacted by pushing her away from him. This incident is captured on video surveillance maintained by the Hebrew Rehabilitation Center. Security officers of the facility arrived and prevented any further interaction between Mr. Smith and Ms. Freel. At

some point Ms. Freel contacted the Boston Police and reported that she had been assaulted. Officers arrived at the Hebrew Rehabilitation Center and interviewed Ms. Freel and Mr. Smith. The responding officers were advised of the existence of the footage that clearly depicts both Mr. Smith and Ms. Freel. Ms. Freel clearly initiates the confrontation by spitting in Mr. Smith's face who did nothing more than react to this battery by pushing his assailant away from his person in an effort to prevent any further attack upon his person. The responding officers in spite of having been informed of the footage of this attack by Ms. Freel made a deliberate decision not to review it and determined based soley on Ms. Freel's account that Mr. Smith was the "dominant aggressor". Mr. Smith was then placed under arrest, handcuffed and transported to Boston Police Area E-5 booked and processed.

II.     <u>Analysis of This Unlawful Arrest and Violation of Mr. Smith's Constitutional Rights</u>

As a result of this action by the Boston Police Mr. Smith has been deprived of his rights to be free from unreasonable search and seizure as secured by the Fourth and Fourteenth Amendments to the United States Constitution.

We look forward to engaging in immediate and meaningful discourse to resolve this matter prior to commencing litigation and invite your contact within fourteen (14) days to schedule an in-person meeting. Thank you.

Yours very truly,


_____

Robert M. Griffin

2

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 20-2675C | Trial Court of Massachusetts The Superior Court |
|---|---|---|

**PLAINTIFF(S):** Lincoln Smith
**ADDRESS:** 6 Willis St. Dorchester, MA-02[?]

**COUNTY:**

**DEFENDANT(S):** City Boston, Boston Police Commissioner William Gross, Det. Matthew Becker, P.O. Paul Lamb

**ATTORNEY:** Robert Griffin, Victor[?] 
**ADDRESS:** One Constitution Wharf, Charlestown, MA 02129

**ADDRESS:** Boston City Hall

**BBO:** AMG 553893  VMD 657538

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| AB1 | Civil Rights Violation | | ☒ YES   ☐ NO |

Is there a claim under G.L. c. 93A?  ☐ YES  ☒ NO

Is this a class action under Mass. R. Civ. P. 23?  ☐ YES  ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ............. $
  2. Total doctor expenses ............. $
  3. Total chiropractic expenses ............. $
  4. Total physical therapy expenses ............. $
  5. Total other expenses (describe below) ............. $
  Subtotal (A): $

B. Documented lost wages and compensation to date ............. $
C. Documented property damages to date ............. $
D. Reasonably anticipated future medical and hospital expenses ............. $
E. Reasonably anticipated lost wages ............. $
F. Other documented items of damages (describe below) ............. $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Violation of Constitutional Rights
Emotional Distress

**TOTAL (A-F): $ TBD**

### CONTRACT CLAIMS
(attach additional sheets as necessary)

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a). Provide a detailed description of claim(s):

**TOTAL: $**

Signature of Attorney/ Unrepresented Plaintiff: X [signature]    Date: 11/19/2020

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X                                              Date:

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

| Code | Description | Track |
|---|---|---|
| AA1 | Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 | Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 | Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 | Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 | Administrative Action involving Commonwealth, Municipality, MBTA, etc. | (A) |

### CN Contract/Business Cases

| Code | Description | Track |
|---|---|---|
| A01 | Services, Labor, and Materials | (F) |
| A02 | Goods Sold and Delivered | (F) |
| A03 | Commercial Paper | (F) |
| A04 | Employment Contract | (F) |
| A05 | Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 | Insurance Contract | (F) |
| A08 | Sale or Lease of Real Estate | (F) |
| A12 | Construction Dispute | (A) |
| A14 | Interpleader | (F) |
| BA1 | Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 | Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 | Shareholder Derivative | (A) |
| BB2 | Securities Transactions | (A) |
| BC1 | Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 | Intellectual Property | (A) |
| BD2 | Proprietary Information or Trade Secrets | (A) |
| BG1 | Financial Institutions/Funds | (A) |
| BH1 | Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 | Other Contract/Business Action - Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| Code | Description | Track |
|---|---|---|
| D01 | Specific Performance of a Contract | (A) |
| D02 | Reach and Apply | (F) |
| D03 | Injunction | (F) |
| D04 | Reform/ Cancel Instrument | (F) |
| D05 | Equitable Replevin | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of a Trust | (A) |
| D08 | Minority Shareholder's Suit | (A) |
| D09 | Interference in Contractual Relationship | (F) |
| D10 | Accounting | (A) |
| D11 | Enforcement of Restrictive Covenant | (F) |
| D12 | Dissolution of a Partnership | (F) |
| D13 | Declaratory Judgment, G.L. c.231A | (A) |
| D14 | Dissolution of a Corporation | (F) |
| D99 | Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party †

| Code | Description | Track |
|---|---|---|
| PA1 | Contract Action involving an Incarcerated Party | (A) |
| PB1 | Tortious Action involving an Incarcerated Party | (A) |
| PC1 | Real Property Action involving an Incarcerated Party | (F) |
| PD1 | Equity Action involving an Incarcerated Party | (F) |
| PE1 | Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| Code | Description | Track |
|---|---|---|
| B03 | Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 | Other Negligence - Personal Injury/Property Damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice - Medical | (A) |
| B07 | Malpractice - Other | (A) |
| B08 | Wrongful Death - Non-medical | (A) |
| B15 | Defamation | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury - Slip & Fall | (F) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| BE1 | Fraud, Business Torts, etc. | (A) |
| B99 | Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| Code | Description | Track |
|---|---|---|
| S01 | Summary Process - Residential | (X) |
| S02 | Summary Process - Commercial/Non-residential | (F) |

### RP Real Property

| Code | Description | Track |
|---|---|---|
| C01 | Land Taking | (F) |
| C02 | Zoning Appeal, G.L. c. 40A | (F) |
| C03 | Dispute Concerning Title | (F) |
| C04 | Foreclosure of a Mortgage | (X) |
| C05 | Condominium Lien & Charges | (X) |
| C99 | Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| Code | Description | Track |
|---|---|---|
| E18 | Foreign Discovery Proceeding | (X) |
| E97 | Prisoner Habeas Corpus | (X) |
| E22 | Lottery Assignment, G.L. c. 10 §28 | (X) |

### AB Abuse/Harassment Prevention

| Code | Description | Track |
|---|---|---|
| E15 | Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 | Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| Code | Description | Track |
|---|---|---|
| E02 | Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 | Certiorari Action, G.L. c.249 §4 | (X) |
| E05 | Confirmation of Arbitration Awards | (X) |
| E06 | Mass Antitrust Act, G. L. c. 93 §9 | (A) |
| E07 | Mass Antitrust Act, G. L. c. 93 §8 | (X) |
| E08 | Appointment of a Receiver | (X) |
| E09 | Construction Surety Bond, G.L. c. 149 §§29, 29A | (A) |
| E10 | Summary Process Appeal | (X) |
| E11 | Worker's Compensation | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L. c.12 §11H | (A) |
| E24 | Appeal from District Court Commitment, G.L. c.123 §9(b) | (X) |
| E25 | Pleural Registry (Asbestos cases) | |
| E95 | Forfeiture, G.L. c.94C §47 | (F) |
| E99 | Other Administrative Action | (X) |
| Z01 | Medical Malpractice - Tribunal only, G.L. c. 231 §60B | (F) |
| Z02 | Appeal Bond Denial | (X) |

### SO Sex Offender Review

| Code | Description | Track |
|---|---|---|
| E12 | SDP Commitment, G.L. c. 123A §12 | (X) |
| E14 | SDP Petition, G.L. c. 123A §9(b) | (X) |

### RC Restricted Civil Actions

| Code | Description | Track |
|---|---|---|
| E19 | Sex Offender Registry, G.L. c.6 §178M | (X) |
| E27 | Minor Seeking Consent, G.L. c.112 §12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES   ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

**A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.**